UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DELMEKA WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 19-11989 |
| GREYHOUND LINES, INC.; ROBERT TARLANO; AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion by plaintiff Delmeka Williams to remand this action to the Civil District Court, Parish of Orleans, State of Louisiana, in which she argues that the removal procedure was defective because it was untimely and not all properly served defendants joined in the removal.[1] Removing defendants Greyhound Lines, Inc. ("Greyhound") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") oppose the motion,[2] and Williams replies in further support of the motion.[3] Having considered the parties' arguments, the record, and the applicable law, the Court finds that remand is warranted because removal was untimely.

### I. BACKGROUND

On May 24, 2019, Williams filed this action in state court against Greyhound, National Union, and Robert Tarlano seeking damages for injuries she allegedly sustained as a result of a June 4, 2018 motor vehicle accident in which a Greyhound bus driven by Tarlano rear-ended her sports utility vehicle.[4] Williams alleges that she sustained injuries to her neck, upper back,

---

[1] R. Doc. 6.
[2] R. Doc. 7.
[3] R. Doc. 11.
[4] R. Doc. 1-3 at 3-4.

shoulders, left arm, and chest, and that she suffers from headaches, all as a result of the accident.[5] She states in the complaint that "[t]he amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs."[6]

On August 1, 2018, Greyhound and National Union removed the suit alleging that they were served on or about June 10, 2019, and this Court has diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.[7] They allege facts showing complete diversity of citizenship between Williams and all of the defendants, and quote Williams's complaint that there is more than $75,000 in controversy.[8] The removing defendants also state that plaintiff's counsel refused to stipulate that the amount in controversy was less than $75,000.[9] They further allege that Tarlano was not served, but that he would share common defense counsel with Greyhound and National Union and counsel consented to the removal on his behalf.[10]

## II. PENDING MOTION

Williams filed the instant motion to remand arguing that the removal was untimely under 28 U.S.C. § 1446.[11] Greyhound and National Union allege in their August 1, 2019 notice of removal that they were served with process more than thirty days prior, on June 10, 2019.[12] Williams argues that the complaint put the defendants on notice of the amount in controversy because it specifically states that she seeks more than $75,000 in damages, exclusive of interest and costs; therefore, defendants had notice that the case was removable when they were served.[13]

---

[5] *Id.* at 4.
[6] *Id.* at 5.
[7] R. Doc. 1 at 2.
[8] *Id.* at 2-3.
[9] *Id.* at 4.
[10] *Id.*
[11] R. Doc. 6.
[12] R. Doc. 6-1 at 1-3.
[13] *Id.*

Williams also argues that Tarlano was served properly and did not consent to the removal, providing an additional ground for remand.[14]

Greyhound and National Union argue that Tarlano was not served, and assert that their counsel sought a stipulation from Williams that the amount in controversy was less than $75,000.[15] However, they do not make any arguments regarding the timeliness of removal or contest that the complaint put them on notice of the amount in controversy.[16]

### III.  LAW & ANALYSIS

The time limits for removal are set forth in 28 U.S.C. § 1446(b). Subsection 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). All properly served defendants must join in or consent to the removal. *Id.* § 1446(b)(2)(A). The thirty-day time limit for removal "is triggered 'only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002)).

Here, Greyhound and National Union admit that they were served on or about June 10, 2019, with a complaint that clearly states that the amount in controversy is more than $75,000.

---

[14] *Id.* at 3-7.
[15] R. Doc. 7 at 1-5.
[16] *See id.*

They removed the action more than thirty days later, on August 1, 2018. Therefore, removal is untimely, and remand is warranted due to this defect in the removal procedure.[17]

IV. **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Williams's motion to remand (R. Doc. 6) is GRANTED, and this matter is REMANDED to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 26th day of September, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[17] Although the parties debate whether Tarlano was served properly and whether counsel's acquiescence to removal on his behalf is sufficient, it is unnecessary to address these issues because the untimeliness of the removal by Greyhound and National Union is sufficient grounds upon which to grant Williams's motion to remand.